# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI

HArry G Campbell III #1005421 )
(full name)        (Register No). )

_____ )

        Plaintiff(s).           )       15-0745-CV-W-DGK-P
                                 )       Case No._____
                                 )
v.                               )
                                 )
MiKE SharP                       )
(Full name)                      )       Defendants are sued in their (check one):
                                 )       ____ Individual Capacity
_____ )       ____ Official Capacity
_____ )        X   Both
        Defendant(s).            )

## COMPLAINT UNDER THE CIVIL RIGHTS ACT OF 42 U.S.C. § 1983

I.   Place of present confinement of plaintiff(s): Jefferson City CorrectioNAl Center 8200 FenceLine Road Jefferson City MO 65101

II.  Parties to this civil action:
     Please give your commitment name and any another name(s) you have used while incarcerated.

     A. Plaintiff HArry G Campbell III        Register No. 1005421
        Address 8200 Fenceline Road Jefferson City MC. 65101

     B. Defendant Mike Sharp

        Is employed as Sheriff of Jackson County Sheriff Missouri, 3310 NE KennAU DR leeks Summit MO 64064

     For additional plaintiffs or defendants, provide above information in same format on a separate page.

1

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name: JANE DOE #2

Current Job Title: Deputy Sheriff OF Jackson County

Current Work Address 3310 NE Rennau DR. Lee's Summit, Mo 64064

Defendant #2:

Full Name: John DOE

Current Job Title: Deputy Sheriff OF Jackson County

Current Work Address 3310 NE Rennau DR. Lee's Summit, Mo 64064

Defendant #3:

Full Name: MARY MARQUEZ Pamela TAYlor

Current Job Title: POPUlation Control J.C.D.C.
1300 Cherry KC MO 64106.

Defendant: Michael R. Fogel

Current Job Title: Prosecuting Attorney
Current work Address: 625 E 26th Street
Kansas City, MO 64108

Defendant: MARY MARQUEZ
Current Job Title: Director OF legAl Services
Current work Address: 625 E 26th Street
KANSAS City, MO 64108

page 2

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

    Defendant #1:

        Full Name: Recardo Riost Ricardo Rios

        Current Job Title: Warden

        Current Work Address 200 S. Second Street Pekin, IL 61554

    Defendant #2:

        Full Name: Tammy Girard

        Current Job Title: Asst Warden

        Current Work Address 200 S Second Street Pekin IL 61554.

    Defendant #3:

        Full Name: Michael Weghorst C.M.C At

        Current Job Title: 200 S Second Street Pekin IL 61554.

Defendant: Jay, Walters, Casemanager 200 S Second Street Pekin IL, 61554

page (3)

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name: JANE DOE, #(1)

Current Job Title: Correctional Officer

Current Work Address: 200 S. Second Street Pekin IL 61554

Defendant #2:

Full Name: MARK Hewitt,

Current Job Title: Records

Current Work Address: 200 S. Second Street Pekin IL 61554,

Defendant #3:

Full Name: Jeremiah W. Jay Nixon

Current Job Title: Governor of Missouri

PO Box 720 Jefferson City MO 65101.

Defendant: PAT QUINN
Current Job title: Ex-Governor OF Illinois
100 West Randolph (16-100) Chicago, IL 60601

Defendant: ANGela Davis
Current Job title: Records MANager
200 S. Second street pekin IL 61554.

page 4

III.   Do your claims involve medical treatment?        Yes _____    No  X

IV.   Do you request a jury trial?                      Yes  X     No _____

V.    Do you request money damages?                     Yes  X     No _____

      State the amount claimed?                         $ 350 / 000 (actual/punitive)

VI.   Are the wrongs alleged in your complaint continuing to occur?  Yes _____  No (N/A)

VII.  Grievance procedures:

      A. Does your institution have an administrative or grievance procedure? (N/A)
                                                        Yes _____    No _____

      B. Have the claims in this case been presented through an administrative or grievance
      procedure within the institution?                 Yes _____    No _____ (N/A)

      C. If a grievance was filed, state the date your claims were presented, how they were
      presented, and the result of that procedure. (Attach a copy of the final result.)

      _____ N/A _____
      _____

      D. If you have not filed a grievance, state the reasons.
      This Action has to do with the courts, I was Released
      From said Institution befor i found out that Institutional
      Employees had Something to do with this Said Action.

VIII. Previous civil actions:

      A. Have you begun other cases in state or federal courts dealing with the same facts involved
      in this case?                                     Yes  X     No _____

      B. Have you begun other cases in state or federal courts relating to the conditions of or
      treatment while incarcerated?                     Yes  X     No _____

      C. If your answer is "Yes," to either of the above questions, provide the following
      information for each case.

      (1) Style: _Plaintiff_____
                  (Plaintiff)              (Defendant)
      (2) Date filed: _____ 10-4-2012 _____

2

(3) Court where filed: _SAME_

(4) Case Number and citation: _4:12-CV-01237-DGK_

(5) Basic claim made: _Excessive force_

(6) Date of disposition: _2015_

(7) Disposition: _Denied_

(Pending) (on appeal) (resolved)

(8) If resolved, state whether for: _____

(Plaintiff or Defendant)

For additional cases, provide the above information in the same format on a separate page.

IX.    Statement of claim:

A.    State here as briefly as possible the facts of your claim. Describe how each named defendant is involved. Include the names of other persons involved, dates and places. Describe specifically the injuries incurred. Do not give legal arguments or cite cases or statutes. You may do that in Item "B" below. If you allege related claims, number and set forth each claim in a separate paragraph. Use as much space as you need to state the facts. Attach extra sheets, if necessary. Unrelated separate claims should be raised in a separate civil action.

_Small Statement of facts (1) page._
_Statement of Claim #(2) = page (DF)_
_legal Claims #(1) = 21 page's of Claims_

B.    State briefly your legal theory or cite appropriate authority:

_Please See page's numbered (1-10) with (A-G)_
_IX Legal Theory_

3

X.     Relief: State briefly exactly what you want the court to do for you. **Make no legal arguments.**

See Attached pages (21) & (22)

XI.    Counsel:

A. If someone other than a lawyer is assisting you in preparing this case, state the person's name.

B. Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action?                    Yes ✗ No_____

   If your answer is "Yes," state the names(s) and address(es) of each lawyer contacted.
   Will provide with Motion for Appointment of ...
   Counsel, due to Fact Jail is prohibiting me to find
   Any Attorney

C. Have you previously had a lawyer representing you in a civil action in this court?
                                                  Yes_____  No ✗

   If your answer is "Yes," state the name and address of the lawyer.


**I declare under penalty of perjury that the foregoing is true and correct.**

Executed (signed) this _14th_ day of _September_ 20_15_

HARRY G Campbell III
Signature(s) of Plaintiff(s)


4

# Legal Claims

This complaint sets forth 15 Counts of Violations of Plantiff Harry G Campbell III's Civil Rights and US Constitutional Rights

Count I Violation of Constitutional Rights (Bivens V Six 403 U.S. 388)(1971) 18 U.S.C. § 3182, (USCA Const. Art. 4 § 2, C12, 14th Amendment, (U.C.EA. code fied 225/3,4,5,7,8,9,10,11,12,13,14,15,16,17,20,21,22,23, 26, 27, 30

Count II Abuse of position given by U.S. government (Bivens V. Six 403 US 388)(1971) 5th and 14th Amendments

Count III Abuse of process (Bivens V. Six 403 U.S. 388) (1971) 5th and 14th Amendments

Count IV Failure to protect (Bivens V Six 403 U.S. 388) (1971) 5th and 14th Amendments

Count V Conspiracy to interfere with Civil Rights (Bivens V Six 403 US 388)(1971), 42 USC § 1985 5th and 14th Amendments

Count VI Neglect to prevent Conspiracy (Bivens V Six 403 US 388)(1971) 42 USC § 1986, and 5th and 14th Amendments

Count VII Violation of Privacy Act (Bivens V. Six 403 US 388) (1971) 5th and 14th Amendments

Count VIII Deprivation of Due process "procedural" Cause mental and emotional distress (Bivens V. Six 403 US 388) (1971) 5th and 14th Amendments

Count IX Deprivation of procedural Due process caused humiliation and embarrassment. (Bivens V. Six 403 US 388)(1971) 5th and 14th Amendments

Count X. Violation of Constitutional Rights (42 U.S.C § 1983) And 5th and 14th Amendments, 18 USC § 3182 and USCA Conse. Art. 4 § 2, C12, Act 225/ 3,4,5,7,8,9,10, 11,12,13,14,15,16,17,20,21,22,23,26,27,30

Count XI Conspiracy to interfere with Civil Rights (42 USCA § 1983) 5th and 14th Amendments and 42 USC 1985

Count XII Abuse of position given by state (42 USC § 1983) and 5th and 14th Amendments

Count XIII Neglect to prevent Conspiracy (42 U.S.C.A 1986) and 5th and 14th Amendments

Count XIV Deprivation of procedural Due process caused Humiliation and Embarrassment (42 USC. 1983) And 5th and 14th Amendments

Count XV Deprivation of procedural
Due process caused mental and emotional
distress (42 U.S.C. 1983) and 5th and 14th Amendments

There are eight (8) counts against
Defendant RICARDO RIOS IN THIS section

Defendant Rios, failed at his duty of Warden of Pekin
Federal Correctional Institution by participating in a
conspiracy to deprive Plantiff Campbell of his Civil
Rights and Constitutional rights Also dilibertly refusing
to follow the United States Extradition clause. Said
co-conspirators are defendants T. Girard, M. Weghorst,
J. Walters, A. Davis, M. Hewitt. Defendant Rios Allowed &
Instructed Subordinates to Allow defendants
JANE DOE #2 and John Doe #1 to illegally transport
plantiff from Illinois to Missuri in Absence of a
signed extradition warrant, A waiver of Plantiffs
Extradition Rights or Habeas hearing. Defendant Rios
undoubtingly had Intimate Knowledge of the legalities
of plantiff's extradition. For fact that said Agency
which lodged detainer, had on September, 23rd, 2010
sent Defendant Rios A Letter Stating the IADA did
Not apply to plantiff's case. Which leaves only one option
for plantiff to be transported to Another State to face
untered charges, the Uniform Criminal Extradition Act
of Illinois; which is governed by the United States Extradition

3

clause. Due to Defendant Rios' conspiratorial involvement he chose to act with gross negligence and deliberate indifference by refusing to afford plantiff with the proper procedures of a legal extradition. Any reasonable correctional officer with the education and title of Warden of a Federal Correctional Institution, would know that procedure for any person facing untried charges "only" at the expiration of Federal sentence, would be to inform subordinates to have plantiff of case at bar, to be transported to the Tazwell County Jail. Defendant Rios' actions were motivated by evil intent. Reckless and callous indifference to plantiff's federally protected rights which caused plantiff to feel hopeless, which led to depression, feelings of betrayal, feelings of shame and sleeplessness. These in turn caused mental and emotional distress as well as humiliation and embarrassment. Said violations unequivocally make Defendant Rios guilty of Cants I, II, III, IV, V, VI, VIII, IX, XV, XVI, XVII, XVIII, XIX

There are (4) four cants against Defendant Pat Quinn in this section

Defendant Quinn failed at his duty of governor, under the Uniform Criminal Extradition Act, of Illinois, for not adhering to the following procedures (1) Contacting the Attorney General or prosecuting officer of Illinois to assist or investigate the demand of plantiff, and determine whether plantiff should be surrendered.

(2) Defendant Quinn also failed to sign and state seal the extradition warrant, Indictment, etc. from Defendant Nixon, to allow Defendants Jane Doe #2 and John Doe to transport plantiff to Missouri. Defendant Quinn did not insure that plantiff was afforded any of the following: A waiver of his extradition rights or Habeas hearing. Defendant Quinn failed to insure plantiff was properly extradited from the state of Illinois to the state of Missouri, causing deprivation of plantiffs constitutional rights and civil rights. These rights were undisputably due to plantiff as he faced "only" untried charges in Missouri. For the fact plantiff was denied liberty without proper process caused plantiff to feel hopeless, betrayal, and shame which led to depression and sleeplessness. This caused plantiff mental and emotional distress as well as humiliation and embarrassment. Said violations of civil rights and constitutional rights unequivocally makes Defendant Quinn guilty of the following counts X, XIV, XV XII

There are (14) ~~Eight~~ counts against defendant Tammy Girard in this section

Defendant Girard failed at her duty of Asst. Warden of Pekin Federal Correctional Institution by participating in a conspiracy to deprive plantiff Campbell of his civil and constitutional rights

also deliberately refusing to stop the said continuing conspiracy against plantiff. Said co-conspirators are defendants M. Weghorse, J. Walters, A. Davis, M. Hewitt, R. Rios. Defendant Girard signed release papers of plaintiff Campbell to be released in to the custody of defendants Jane Doe #2 & John Doe to illegally transport plaintiff from Illinois to Missouri in absence of a signed extradition warrant, a waiver of plaintiffs' extradition rights, or a Habeas hearing. Defendant Girard undoubtedly had intimate knowledge of the legalities of plaintiff's extradition for the fact that it is the defendants duty prior to plaintiffs said release also plaintiff spoke directly to defendant Girard and defendant referred plaintiff back to the persons who referred plaintiff to defendant Girard about the legalities of plaintiff release. Due to defendant Girard's conspirational involvement defendant chose to act with gross negligence and deliberate indifference by refusing to afford plaintiff with the proper procedures of a legal extradition. Any reasonable correctional officer with the education and title of Asst. Warden of a Federal Correctional Institution would know that since plaintiff was facing untried charges in Missouri plaintiff should have been transported to the Tazwell county Jail, to face extradition procedures before being taken out of the

(6)

State of Illinois, Defendant Girard's actions were motivated by evil intent, reckless and callous indifference to plaintiff's federally protected rights, which caused plaintiff to feel hopeless, which led to depression, feelings of betrayal, feelings of shame, and sleeplessness. These in turn caused mental and emotional distress as well as humiliation and embarrassment. Said violations unequivokally makes defendant Girard guilty of Counts I, II, III, IV, V, VI, VIII, IV, XV, XVI XVII XVIII XIX

There are (1st) ~~eight~~ counts against defendant Michael Weghorst in this section

Defendant Weghorst failed at his duty of CMC of Pekin Federal Correctional Institution by participating in a conspiracy to deprive plaintiff Campbell of his civil and constitutional rights, Also deliberately refusing to stop the said conspiracy continuing against plaintiff. Said co-conspiraters are defendants R. Rios, T. Girard, J. Walters, A. Davis, M. Hewitt. Defendant M. Weghorst signed release papers for plaintiff to be released to the custody of defendants Jane Doe #2 and John Doe, to illegally transport plaintiff from Illinois to Missouri in absence of a signed extradition warrant, a waiver of plaintiff's extradition rights, or a habeas hearing. Defendant Weghorst indubtably had intimate knowledge of the legalities of plaintiff's extradition for fact that It is the defendants duty

prior to plaintiffs said release. Also plaintiff spoke with defendant Weghorst and defendant referred plaintiff to defendant Walters, who is the same person who directed plaintiff to defendant Weghorst about the legalities of plaintiffs release. Defendant Weghorst also refused to provide plaintiff with a gratuity payment of $500.00 five hundred US dollars, which was due to a person of the plaintiffs status, due to Defendant Weghorst conspiratorial involvement defendant chose to act with gross negligence and deliberate indifference by refusing to afford plaintiff with the proper procedures of a legal extradition. Any reasonable correctional officer with the education and title of CMC of a federal correctional institution, would know that being that plaintiff was facing untried charges in Missouri plaintiff should have been transported to the Tazwell County Jail, to face extradition procedures before being taken out of the state of Illinois. Defendant Weghorst actions were motivated by evil intent, reckless and callous indifference to plaintiff's federally protected rights, which caused plaintiff to feel hopeless which led to depression, feelings of betrayal, feelings of shame, and sleeplessness. These in turn caused mental and emotional distress as well as humiliation and embarrassment. Said violations unequivocally makes defendant Weghorst guilty of Counts I, II, III, IV, VI, ~~VIII~~ ~~IX~~, V. ~~XV~~ ~~XVI~~ ~~XVII~~ ~~XVIII~~ ~~XIX~~

There are (14) ~~eleven~~ counts against defendant J. Walters in this Section.

Defendant Walters failed and abused his duty as plaintiffs' Case manager at Federal Correctional Institution by participating in a conspiracy to deprive plaintiff of his civil and constitutional rights, also deliberately refusing to stop the said conspiracy continuing against plaintiff. Said co-conspiraters are defendants R. Rios, T. Girard, A. Davis, M. Hewett, M. Weghorst. Defendant Walters instructed secretary Jenifer Potsal to make a new release form on the date of December 9th 2010 and have plaintiff Campbell resign them due to the fact that said papers stated a different release location than that of 3310 NE Rennau dr. Lees Summit, Mo 64064. By doing so defendant Walters initiated himself beyond doubt in the conspiracy of plaintiff Rights. Defendant Walters also signed the release papers of plaintiff to be released to the custody of defendants Jane Doe #2 and John Doe, to illegally transport plaintiff from Illinois to Missouri in absence of a signed extradition warrant, a waiver of plaintiffs extradition Rights, or a Habeas hearing. Defendant Walters undoubtedly had intimate knowledge of the legalities of plaintiffs extradition, for fact it is the defendants duty. Prior to plaintiffs said release. Also plaintiff repeatedly asked defendants Walters if the procedure that was being used against him was proper and being that the defendant knew plaintiff was uneducated on the bases of extradition,

which defendant Walters used to his advantage as he further violated plaintiff Campbells federally protected rights. Due to defendants Walters conspiratorial involvement defendant chose to act with gross negligence and deliberate indifference by refusing to afford plaintiff with the proper procedures of a legal extradition.

Any reasonable correctional officer with the education and title of Case Manager of a federal correctional institution would know that being plaintiff was facing untried charges in Missouri, plaintiff should have been transported to the Tazwell County Jail to face extradition procedures before being taken out of the state of Illinois. Defendant Walters took it in his power to instruct his secretary to personally change that. Defendant Walters action were motivated by evil intent, reckless and callous indifference to plaintiff's federally protected rights which caused plaintiff to feel hopeless, which led to depression, feelings of betrayal, feelings of shame, and sleeplessness. These in turn caused mental and emotional distress as well as humiliation and embarrassment. Said violations unequivocally make defendant Walters guilty of counts I, II, III, IV, V, VI, VII, IX, ~~VIII~~. XV, XVI, ~~XVII~~ ~~XVIII~~ ~~XIX~~

There are (9) nine counts against defendant Angela Davis in this section.

Defendant Davis failed at her duty of Records Manager of Pekin Federal Correctional Institution by participating in a conspiracy to deprive plaintiff Campbell of his civil and constitutional rights, also deliberately refusing to stop said conspiracy continuing against plaintiff. Said co-conspirators are defendants R. Rios, T. Girard, J. Walters, M. Hewitt, and M. Weghorst. Defendant Davis signed release papers for plaintiff to be released to the custody of defendants Jane Doe #2 and John Doe to illegally transport plaintiff from Illinois to Missouri in absence of a signed extradition warrant, a waiver of plaintiffs extradition rights, or a habeas hearing. Defendant Davis undoubtedly had intimate knowledge of the legalities of plaintiffs extradition for fact that it is the defendants duty prior to plaintiffs said release, also plaintiff spoke with defendant Davis and was referred to defendants M. Hewitt, J. Walters, and M. Weghorst. Defendants Weghorst and Walters referred plaintiff to defendant Davis. Said defendant refused to answer any of the (3) three administrative remedy's plaintiff forwarded to defendant Davis. The (1) one administrative remedy that plaintiff hand delivered at chow line was answered by defendant Hewitt telling plaintiff the same thing he was verbally told by defendant Hewitt, when he was referred to defendant Hewitt by defendant Walters; telling plaintiff to contact defendant Weghorst.

'Due to defendant DAVIS' conspiratorial involvement defendant chose to act with gross negligence and deliberate indifference by refusing to afford plaintiff with proper procedures of a legal extradition. Any reasonable correctional officer with the education and title of Records Manager of a federal correctional institution, would know that being plaintiff was facing untried charges in Missouri plaintiff should have been transported to the Tazwell County Jail to face extradition procedures before being taken out of the state of Illinois. Defendant DAVIS' actions were motivated by evil intent, reckless and callous indifference to plaintiff's federally protected rights. Which caused plaintiff to feel hopeless which led to depression, feelings of betrayal, feelings of shame and sleeplessness. These in turn caused mental and emotional distress as well as humiliation and embarrassment. Said violations unequivocally makes defendant Davis guilty of counts I, II, III, IV, V, VI, VII, VIII, IX. XV XVI XVII XVIII XIX

There are 9 NINE counts against defendant Mark Hewitt in this section.

Defendant Hewitt failed at his duty of Records Dept. personell of Pekin Federal Correctional Institution by participating in a conspiracy to deprive plaintiff Campbell of his civil and constitutional rights, also deliberately refusing to stop the said conspiracy

(12)

CONTINUING AGAIN plaintiff. Said CO-CONSPIRATORS ARE defendants R. RIOS, T. GIRARD, J. WALTERS, A. DAVIS, M. WEGHORST. Defendant Hewitt SIGNED RELEASE PAPERS for plaintiff to be RELEASED INTO the custody of defendants JANE DOE *2 And John Doe to ILLEGALLY transport plaintiff from ILLINOIS to MISSOURI IN ABSENCE OF A SIGNED EXTRADITION WARRANT, A WAVIER of plaintiffs EXTRADITION RIGHTS, OR A HABEAS HEARING. Defendant Hewitt undoubtedly had INTIMATE KNOWLEDGE OF THE legalities of PLAINTIFFS EXTRADITION for fact that it IS the defendants duty prior to plaintiff's SAID RELEASE. Plaintiff REPEATEDLY spoke with defendant Hewitt ASKING if the procedures they were following PERTAINING to plaintiffs SITUATION were correct. Defendant Hewitts EXACT words were "this happens All the time". Due to the CONSPIRATORIAL INVOLVEMENT defendant CHOSE to Act with gross NEGLIGENCE and DELIBERATE INDIFFERENCE by REFUSING to Afford PLAINTIFF with the PROPER PROCEDURES OF A legal EXTRADITION. ANY REASONABLE CORRECTIONAL OFFICER WITH the EDUCATION And title of RECORDS OFFICER OF a federal CORRECTIONAL INSTITUTION would KNOW that BEING PLAINTIFF WAS FACING UNTRIED CHARGES IN MISSOURI PLAINTIFF should have BEEN TRANSPORTED to the TAZWELL County JAIL to FACE EXTRADITION PROCEDURES before being taken out of the STATE OF ILLINOIS. Defendant Hewitt's ACTIONS WERE motivated by EVIL INTENT, RECKLESS AND

callous indifference to plaintiff's federally protected rights which caused plaintiff to feel hopeless which led to depression, feelings of betrayal, feelings of shame and sleeplessness. These in turn caused mental and emotional distress as well as humiliation and embarrassment. Said violations unequivocally makes defendant Hewitt guilty of Counts I, II, III, IV, V, IV, VII, VIII, IX. XV, XVI, XVII, XVIII, XIX

There 7 counts against Defendant
jane #1 Doe in this section.

Defendant Doe failed at her duty of correctional
officer of pekin federal correctional Institution
by being informed of a conspiracy to interfere with
the civil and constitutional rights of plantiff And did
nothing to put a stop to it. Defendant Doe also revealed
sensitive information which said defendant should
have not had Knowledge of about plantiff to Another
inmate And maybe others And officers. Due to defendant
Doe's neglect to prevent a conspiracy and failure to
protect she chose to act with gross negligence and
deliberate Indifference by doing nothing to put a step
to a agoing conspiracy of plantiffs rights. Also
revealing sensitive information about the legality's of
plantiffs untried charges steming from a detainer any
reasonable correctional officer working in the S.H.U
Knows that to reveal information of a sensitive matter
to other inmates would put plantiff's life in jepordy or
vise versa basicly A extreme security risk defendants
Doe's actions were motivated by evil intent reckless
And callous indifference to plantiffs federaly protected
rights which cause plantiff to feel hopeless which
leed to depression. and sleeplessness this caused plantiff
Mental And emotional distress As well As humiliation And
embarrassment said violations of civil rights And
constitutional rights unequivocally maked defendant jane #1 Doe
guilty of counts I, II, IV, VI, VII, VIII, IX.

15

There are 8 counts against
Defendant Jay Nixon in this section.

Defendant Nixon failed at his duty of assurance
by not issuing a warrant under the seal of
Missouri for defendants Jane#2 and John Doe
so said defendants could legally and properly
extradite plaintiff from Illinois to Missouri said
improper actions of defendant Nixon caused
deprivation of plaintiff as he faced "only" unfiled
charges in Missouri. for the fact that plaintiff was
denied liberty without proper process of the U.C.E.A
and the extradition clause of the U.S caused plaintiff
to feel hopeless, betrayal and shame which led to
depression and sleeplessness This caused plaintiff
mental and emotional distress as well as humiliation
and embaressment. said violations of civil and
constitutional rights unequivocally makes defendant
Nixon guilty of the following counts
X, XII, XIV, XV. XVI XVII XVIII XIX

There are 10 counts against
defendant Mike Sharp in this section.

Defendant Sharp failed at his duty of sheriff of
Jackson county by participating in a conspiracy
to deprive plaintiff of his civil and constitutional
rights said co-conspirators are M. Hewitt, A. Davis,
and jane #2 and john Doe. All defendants in this
complaint. Defendant sharp instructed defendant's
jane #3 and john Doe to illegally extradite plaintiff
from Illinois to missouri in absense of signed
extradition warrant waiver of his extradition rights
of habeas hearing defendant sharp had knowledge
that plaintiff faced unrelated charges in missouri
defendant knew that to proceed against plaintiff
would violate his clearly protected federal rights due
to defendants sharp's conspiratorial involvement
defendant chose to act with gross negligence and
deliberate indifference by refusing to afford plaintiff
with the proper procedures of a legal extradition.
Any reasonable law enforcement officer with the rank
of county sheriff knew's that since plaintiff was
facing unrelated charges in missouri he should be picked
up at the tazwell county jail in Illinois after proper
extradition procedures were followed defendant sharp's
actions were motivated by evil intent, reckless and
callous indifference to plaintiff federally protected
rights which caused plaintiff to fell hopeless of shame
and sleeplessness these intentional caused mental

And Emotional distress As well as humiliation
And mental and emotional distress As well As
humiliation and embarrassment said violations
unequivocally makes defendant sharp guilty of
counts ~~X~~, ~~VI~~, ~~XII~~, ~~XIII~~, ~~XIV~~, ~~XV~~. ~~XVI~~, ~~XVII~~
~~XVIII~~ ~~XIX~~

# There Are 10 counts against Defendants jane#2 and john Doe in this section

Defendant jane#2 and john Doe failed at there duty of deputy sheriff by participating in an ongoing conspiracy to deprive plaintiff of his civil and constitutional rights said co-conspirators are defendants M. Hewitt, A. Davis and defendants suprior Mike Sharp defendants jane#2 and john Doe involvement is said conspiracy motivated them to proceed against plaintiff by extraditing him in absence of a signed extradition warrant, waiver of extradition rights or habeas hearing defendants Doe also had intimate knowledge of there illegal actions as plaintiff asked defendants what they were doing legal they stated yes and showed me a copy of a warrant from the juvenile court not a signed extradition warrant. said defendants also made hurtful jokes about plaintiffs status and paraded him around in society, hand cuffed and shackled if defendants were doing there duty's properly they could have stopped at different county jails for restroom breaks and food for plaintiff but since what they were doing was illegal they couldn't explain there self to respectful officers of the laws there lawlessness due to both of these defendants conspiratoritals involvment defendants chose to act with gross negligence

19

And deliberate Indifference by refusing to afford plaintiff with the proper procedures of a legal extradition. Any reasonable law enforcement officer with the rank of sheriffs clearly knows the legality's of extraditing a person untried with charges from one state to another both defendants actions were motivated by evil intent reckless and callous indifference to plaintiffs federally protected rights which caused plaintiff to feel hopeless which led to depression, feelings of betrayal feelings of shame and sleeplessness these injuries caused mental and emotional distress as well as humiliation and embarrassment said violations unequivocally make's defendant's Jane #2 Doe and John Doe guilty of counts IX, XI, XII, XIII, XIV, XV, XVI, XVII, XVIII XIX

# Small Statement
## OF Plaintiffs Facts

(1) Due to the fact that said defendants in
Collusion to violate Plaintiff's Rights ignored
the August 26th 2010, filing date of Plaintiffs
(IADA). Then pushed said rechecing date to
September 7th 2010.

So...

Defendant's may Contend that said 180 days
exspired on March 7th 2011. No matter All
Of defendants Actions were unjust.

(2) Plaintiff Asserts that said waiver of extra-
ditten was only to be used in conjuction.
With All other benifits of the (IADA).
Plaintiff Also Asserts that he only waived ...
extradition on August 26th 2010 to September
23rd 2010. Said date is when defendants —
refused temporary Custody. ONce defendants
did so said waiver was Automaticly "Void"
& Plaintiff Should have been released.
Plaintiff Also Asserts he "did Not" waive ...
extradition willingly Nor legally on —
January 18th 2011.

### PAGE #(1) OF(1)

## IX Statement of Claim
## Attachment #②

### Count XV

(1) On September 23rd 2010, Plaintiff's Constitutional & Civil Rights were violated, by defendants. In A "Conspiratorial Collusion", Pursuant to the non-compliance of the provisions under the (IADA). Artical's I(3) & IX, Solidifying the Violations of Plaintiff's 5th, 6th & 14th Right's & 42 USC § 1985 & 42 USC § 1986.

### Count XVI

(2) On January 18th 2011, Plaintiff's Constitutional & Civil Rights were violated by defendants. In A "Conspiratorial, Collusion". Defendants created A procedu-arl, ruse. By illegally useing the provisions of the (IADA) to circumvent Plaintiffs illegal ... transfer from Illinois to Missouri. Defendant's, Detained, Plaintiff AS A Federal inmate in the (Jackson County detention Center K.C. MO.) Under the "provisional ruse" that Plaintiff was Awaiting trial under the (IADA) "Artical III" Plaintiff was Also Denied bond, all above actions were extremly floutrary. Solidifying the violations of plaintiffs 4, 5, 6, & 14th Rights. Also 42 USC §1985 & 42 USC § 1986.

PAGE #① of ③

Count XVII

(3) On JANUARY 18th 2011, Plaintiff's Constitutional & Civil Right's were violated by defendants. In A "Conspiratorial, Collusion." Defendants refused to provide Plaintiff AN extradition hearing, governers warrant, & Denied the right to Petition for A Writ of habeas Corpus. Solitifying the violations of plaintiffs. 4th 5th 6th & 14th Right's, Art IV, § 2, Cl. 2., 18 USCS § 3182 & VAMS 548.231

Count XVIII

(4) On Febuary 26th 2011, Plaintiffs Constitutional & Civil Right's were violated by defendant's. In A "Conspiratorial Collusion" Defendant's Refused to release plaintiff on said 180th day, However Defendants issued A Detainer on August 25th 2010. Stoping plaintiff's August 26th 2010 Realise to the KANSAS City Halfway house. Refused to Abide by provisions of Artical III, V, & IX, of the (IADA). Moreover Defendant's further illegaly used the provisions of the (IADA) on JANUARY 18th 2011 to detain at F.C.I. on said DAY "I.E" Not Sending plaintiff to the Jackwell, County Jail to Fight Extradition, Transported Plaintiff to (J.C.D.C.) IN K.C. Mo., Detain Him there As well with No bond & Stritigicly... Segregated plaintiff from General Population.

PAGE (2) OF (3)

And did not try plaintiff in 180 dayz. As the
Agreement stipulates, for such Above actions
On January the 18th Plaintiff was A free Citizen
Under "no" parole, probation, from federal OR
the demanding State. Yet was treated As
A federal Prisoner to Solidify defendants
"deceit". All Afore mentioned Solidifys the
Violations of plaintiffs 5th, 6th, & 14, Right's.


Count XIX

(5) All of defendants Actions Are not just founded
On Conspiracy to deprive Plaintiff of his
Civil rights & Constitutional, but Also founded
On A unwitting Policy, Practice & Custom
that Said defendant's have been...
Hoodwinking Nommerous. Plaintiff's, inmates
and (by law) free Citizens who were ignorant
to the law & there rights, who unfortunately
Crossed defendants maliscious, Vindictive
paths. wich solidify's the Reason All...
defendants Are sued in Official Capacity.
5th & 14th Amendment Rights.

PAGE #(3) of (3)

There Are 9 Counts Against, MARY MARQUEZ
Director of legal services. X, XI, XII, XIII,
XIV, XV, XVI, XVIII, XIX. Please refer to
Statement of Claim Attachment # 2.

There Are 5 Counts Against, Pamela Taylor
Population Control - Jackson County Detention Center
1300 Cherry Street Kansas City, Mo 64106. XI, XII, XIII,
XVI, XVIII. Please refer to S. of. C. Attachment #2

There Are 9 Counts Against, Michael R. Fogal
Prosecuting Attorney. X, XI, XII, XIII, XIV, XV,
XVI, XVIII, XIX. Please refer to S. of. Attachment
#2

PAGE #1 of 1

## IX Legal Theory

(A) The provision of the (IADA) requiring trial within 180 days after demand by the prisoner on any outstanding charge for which a detainer has ... been filed. 18 USC App 2, Art III(A). Has appropriately been characterized as a statutory right to speedy trial. See e.g. Williams v. Maryland 445 F. Supp. 1216, 1222 (D. Md 1978).
Moreover a prisoner from the "undue" & oppressive incarceration, that often results from an excessive delay in processing detainer. See ... State v. Barnes 273 Md 195, 203. 328 A.2d 732, 743 (1974).
The (IADA) is certainly an act intended to protect civil rights & that therefore the federal courts have jurisdiction to decide A §1983 claim arising from it's violation under 1343(4).

(B) The difference between Article III & IV, is one is Art III is initiated by the prisoner & Article IV is initiated by the prosecutor. However in this case at bar plaintiff is not requesting nor is he asserting that the court construe ... his filing as to say he was initiated a extradition hearing pursuant to the (IADA) provisions on Article IV. He is stating that the defendants used the provisions of Article III for there,

very own benifit's. In doing so they denie A
Plaintiff the benifit's he was intitled to
by there use of A detainer & key provisens
of the (IADA) to streamline the Abduction
of plaintiff.

   Article IX of the (IADA) State's that the
Agreement "shall be liberally construed to
effectuate it's purpose.

   A prisoner who has had a detainer lodged
against him is seriously disadvantaged by...
Such action". Plaintiff in case at Bar
was to be released on August 26th 2010".
Moreover from "citation" He is in custody
and therefore in no position to seek witness
or to preserve his defense. What is more,
when detainers are filed against a prisoner
he sometimes loses intrest in institutional
opportunities because he must serve his
Sentence without knowing what additional
Sentences may lie before him or when
if ever he will be in A position to employ the
education and skills he may be developing
H.R. Rep. NO 91-1018, p3 (1970) See Cuyler v.
Adams 101 S.Ct 703 (1981).

   Adams has therefore Stated a claim for —
relief under 42 U.S.C. §1983 for asserted violation
by state officials of the terms of the (IADA).
SEE Cline v. Thibodet, 448 U.S. 1 (1980)

Courts must assess the plausibility of a given claim with reference to the plaintiffs allegations as a whole, not in terms of the plausibility of each individual allegation. See ... Zoltek V. Structural 592 F.3d 893 (8th Cir)

This ~~is~~ Enquiry is a context-specific task that requires the reviewing Court to draw on it's judicial experience & common sense. See ... Iqbal, 129 S.Ct At 1950.

Provided that the complaint contains ... sufficient facts to give the defendant fair notice of what the claim is and the grounds upon which it rests. See ... Erickson v. Pardus 551 U.S. 89, 93 (2007).

Petitioner would still have to demonstrate that the terms of the (IADA) Applied to him during the time period of the Alleged Violation. See U.S. V. Pateete 1991 WL 352610 (N.D. ILL).

(C) On January 18th 2011, Defendants Knew that Plaintiff was not Amenable to the waiver of Extradition he signed on August 26th 2010. However illegally useing said waiver was the only way to Misread on said day ...

PAGE #(3) OF(10)

Plaintiff WAS No longer A prisoner, had No parole federal or State, had No parole violations federal or State. Defendant's Actions were Completely Arbitrary.

The legal & Constitutional Process said individuals — recieved, on there release from imprisonment is the same process plaintiff was deprived of on his release day of JANUARY 18th 2011 See... Neville V. Cavanagh 611 F.2d 673 & Rentschler V. Sheriff 1989 WL 114921 (D. KAN).

ONly by faithfully following the provisions of the — Statue MAy A person be lawfully, deprived of his liberty & life extradited from an asylum state to another State there to be tried for the... Commision of A crime "MC bride" Id 594 F.2d 610 Quoting U.S. V. Meyering 75 F.2d 716, 717 (7th Cir 1935)

As we have not so held before today we join our Sister courts, that have held that A violation of State extradition law can serve as the baisis... of A § 1983 Action. Where the violation of State law causes the deprivation of rights protected by the Constitution & Statues of U.S. See... Harden v. Pataki 320 F. 3d 1289 C.A. 11 (GA (2003)

PAGE (4) of (10)

Without A deprivation of liberty there is no
Constitutional duty, to provide due process;
but if there is such A deprivation the duty
Attaches regardless of the motive for the
deprivation. See...
Miller v. Dobier 634 F. 3d 412 (C.A. Ill, 2011)
Also see... Gable v. City 296 F.3d 531 (C.A. Ill
2002)

(D) Missouri defendants may assert that they are...
not liable for the State of Illinois not.
Providing plaintiff An ~~extradition~~ extradition hearing
However if they "actively" caused or participated
in the failure to follow proper procedures.

Taken together, the the MC Bride decisions
Stand for the proposition that, A plaintiff
may prevail in A § 1983 Action based on
the deprivation of extradition rights...
Against an agent of the demanding State
Only if the Agent caused or participated
in the deprivation of plaintiffs Right's. See...
Buchanan v. City 90 F. Supp. 2d 1008 (E.D. Wis)
(2000).

(E) ON September 23rd 2010, A letter was sent
from Missouri defendants to Illinois defendants

PAGE 5 of (10)

In said letter, Missouri defendants stated
We will not be Acting on the (IADA)...
that Harry G Campbell III has filed with
our office. He has less than 180 dayz left
on his sentence. Futher more A (IADA) is
not Ameanable to said charges.
To textally understand the knowlege of All...
defendants "IE" tho "Conspiritental Collusion,"
you have to go back to march 23rd 2010
when Kansas City Detectives were illegally
Allowed to enter F.C.I. Pekin Illinois.....
without A search warrant.
After refuseal to talk to the detectives, Plaintiff
was threated that we will make you talk, with
seventy eight dayz left to be relesed to the
halfway house (June 14th 2010).
 A ten-inch knife was planted in my cell
by B.O.P. officers, I was plaxed in the S.H.U.
with A informant for (60 dayz) untill we had
A fight. Once we had A fight said
(knife write up) disappeared with No more
Actions on me or Nobode else. However
said illinois defendant's to ~~reduce~~ 14 good
dayz of my sentence & pushed my halfway —
house date to August 26th 2010. Befor said
date i had A total of 200 plus days to
max my sentence, if they lodged A detainee.

However Missouri defendants knew said charges were bogus & that they could not legaly get a Extradition warrant nor. Did they want to "legaly" take me to trial in "180" dayz. So said defendants joined in a Federal & State conspiracy to deprive plaintiff of his Rights.

So for a simple fight, my first violation not to mention & numerous inmate's did the same or ... worse & did not get there "already approved", Bed space taken the reason defendants did this is give me a August 26th 2010, coi date approxemently "47" dayz ~~~~~ which left plaintiff with "143" dayz Less than 180 dayz "how convenient", coincidentem... Not likely so, with All of the above facts along with the letter of September 23rd 2010. How is it "flexible" for said defendants or any person with comen sense, "IE" (which a reasonable person would have known) to conclude that plaintiff's waiver of extradition was still valid on January 18th 2011.

Only a person that "actively caused" or "participated", in the failure to follow "proper procedures" "IE" "joined, Id&ls in a "Conspiratorial collusion". ■ To deprive plaintiff of his "life" "liberty", & "Mental Sanity" ... would belive that said defendants "All" are liable for said actions, And have done An Still are secretly Still doing the same to this day. Which solidifys

defendants being sued in there offical capacity

The plaintiff bears the burden of establishing the existence of a clearly established Constitutional right. See...
Rakovich v. Wade, 850 F.2d 1180 (7th Cir. 1988)

The burden is heavy and appropriatly so because, qualified immunity is designed to shield from Civil liability "All" (but the plainly incompetent or those who knowingly violate the law). As... the defendants in case at bar. See...
Hughes v. Meyer, 880 F.2d 967, 971 (7th Cir 1989) (Quoting Malley v. Briggs, 475 U.S. 335, 341, 89 L.Ed. 2d 271, 106 S.Ct 1092 (1986).

Once a defendant has pleaded a defense of qualified immunity Courts employ a two step analysis: (1) does the alleged Conduct set out a Constitutional Violation, and (2) were the Constitutional Standards clearly established at the time? See...
Siegert v. Gilley, 500 SCT U.S. 226, 231-32 111 S.Ct. 1789 (1991)

This is a Curious position Considering, the waiver was deemed prematurely invalid for purposes of invoking the protections of the (IADA). If the waiver was unenforceable under the (IADA) law, how could it be valid as a waiver of Extradition? and if it were valid as defendants insist then the tennessee charges should have been dismissed or resolved within 180 days. See

(F). There is no doubt that defendants conspired, to Allow K.C. PID detectives into said prison on MARCH 23rd 2010 ... with out A warrant, also on August 24th 2010 when defendant J. Walters told plaintiff that he would not be going to the halfway house due to A (E-mail) he got of the detainer, Plaintiff asked why is it you have this information? records doesn't he stated i don't know i just do, would you like to talk to me about the robbery, Plaintiff said No & left his office, On September 23rd 2010 said letter was sent only to the warden of F.C.I. pekin plaintiff did not learn of said letter until June 11th 2011. Plaintiff should have been automaticly released to the halfway house for the facts that were stated in said letter. On January 18th 2011, Plaintiff was held at F.C.I. Pekin insted of taken to the Tazzwell county jail to fight extradition. All Above actions could not of happen with out said defendants "All" Actively joined in A "Conspiraclorial Collusion".

In order to state claim for conspiracy under 42 USC 31985 Plaintiff must allege. (1) the defendants conspired (2) For the purpose of depriving any person or class equal protection of the laws or equal privileges and immunities under laws (3) one or more of the conspirators did or caused to be done any act in furtherance of the conspiracy & (4) as a result another was injured in his person or property and deprived of having & exercising any civil privilege of

Rollen v. Coates, 2009 WL 2391970 E.D. Mo 2009.
(Quoting Criswell V. City of O'Fallon, Mo 2007 WL 1760744
E.D Mo 2007." A conspiracy claim... requires allegations
of specific facts tending to show a meeting of the
minds among the alleged conspirators.
Murray v. Lane 595 F.3d 868, 870 (8th cir 2010).
Quoting Kearse v. Moffett, 311 F.3d 891, 892 8th cir
2002.

(G) It is clear to see from the evidence that defendants
plan was to make plaintiff suffer as long as possible...
Untill he agreed to talk with detectives, when this
did not work in there favor "defendants disregarded
all Federal laws & State, & made there own just to
secure confinement of plaintiff. Disregarding this
already mental - imbalance.

Punitive damages may also be awarded based soley on
a constitutional violation, provided the proper showing
is made. see...
(Alexander v. Riga 208 F.3d #19, 3d 2000) Basista V. Weir 340
F.2d at 87 Punitive damages may be awarded under
42 U.S.C. §1983 when the defendants conduct is shown
to be motivated by evil "motive or intent" or when it
involves reckless or callous indifference to the federally
protected rights of others")
Smith v. Wade 461 U.S. 30 56 103 S.Ct 1625 (1983)

Granting plaintiff punitive damages IN the Amount of $350,000.00 Against each defendant jointly And severally.

Plaintiff also seeks his owed to him gratuity payment of $500.00 travel And hotel expenses for ONE week from Illinois to Missouri, also money for clothing As defendant Weghorst promised plaintiff.

Plaintiff also seeks A jury trial on All issues triable by jury.

Plaintiff Also seeks RECovery of his cost IN this suit And ANY Additional RElEif this court dEEms just, proper And Equitable.

**RELIEF REQUESTED**

(State what relief you want from the court.)

21

Plaintiff Harry G Campbell III has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants, that is unless this court grants the declaratory relief which plaintiff seeks.

Wherefore, plaintiff respectfully prays that this court enter judgement.

Granting plaintiff Campbell a declaration that the acts and omissions described herein violate his rights under the Constitution and laws of the United States and granting plaintiff Campbell nominal damages in the amount of $100.00 per defendant per each constitutional violation. In addition plaintiff asks for nominal damages of $100.00 for each hour defendants held plaintiff for said improper transportation to Missouri as plaintiff should have been transported to Tazwell County Jail, instead of being held at FCI Pekin from 12:00 AM til 9:30 AM on the date of January 18th, 2011 which is calculated out to be the amount of $1000.00 against each defendant jointly and severally.

Granting plaintiff compensatory damages in the amount of $115,000.00 against each defendant jointly and severally.

22



HARRY G Campbell III
10054216-7-C-20 > Jefferson City Correctional Center
8200 Fence Line Road
Jefferson City, MO 65101

THIS CORRESPONDENCE IS FROM AN INMATE
IN THE CUSTODY OF THE
MISSOURI DEPARTMENT OF CORRECTIONS.
THE DEPARTMENT IS NOT RESPONSIBLE FOR
THE CONTENTS OF THIS CORRESPONDENCE. FOR
CONTINUING INFORMATION OR TO VERIFY
INFORMATION ABOUT THIS OFFENDER
INFORMATION ABOUT THIS OFFENDER PLEASE VISIT
OUR WEBSITE AT WWW.DOC.MO.GOV
<HTTP://WWW.DOC.MO.GOV>

MAILED FROM
JEFFERSON CITY
CORRECTIONAL CENTER

Legal

ANN Thomas Chief
Court Clerk
400 East 9th Street
Kansas City MO 64106

JEFFERSON CITY
SEP 23 2015
USPS 6510